IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AT AUSTIN

| | |
|---|---|
| LESLIE A. KESTERSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>BETTER RISE CAPITAL LLC<br><br>　　　　　　Defendant. | Case No. 5:25-cv-01095<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Leslie A. Kesterson ("Ms. Kesterson"), by her undersigned counsel, for this class action complaint against Defendant Better Rise Capital LLC, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

**I.     INTRODUCTION**

1.     <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

4. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including those using pre-recorded messages.

5. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

6. Plaintiff Leslie A. Kesterson is an individual who resides in this District.

7. Defendant Better Rise Capital LLC is a limited liability company that resides in California.

### III. JURISDICTION AND VENUE

8. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9. <u>Personal Jurisdiction</u>: The Court has personal jurisdiction over Defendant because it made telemarketing calls into Texas.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff is a resident of this District.

### IV. FACTS

A. **The Enactment of the TCPA and its Regulations**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

17. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

18. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

19. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

20. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch

systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

21. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

22. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To

**B.     Unsolicited Telemarketing to Plaintiff**

23. Plaintiff Leslie A. Kesterson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24. Plaintiff is, and at all times mentioned here in was, a "person" as the term is defined by 47 U.S.C. § 153(39).

25. Plaintiff's telephone number is 210-772-XXXX.

26. Plaintiff's telephone number, 210-772-XXXX, has been on the National Do Not Call Registry since November 2021. Plaintiff has never removed her number from the National Do Not Call Registry.

27. Plaintiff's telephone number, 210-772-XXXX, was used to place and receive calls exclusively for personal, residential, and household purposes.

28. At no point has Plaintiff sought out or solicited information regarding Defendant's products or services prior to receiving the telephone calls at issue.

29. Plaintiff has never consented to receive telephone calls from Defendant.

30. Despite this, Plaintiff has received numerous prerecorded robocalls calls from Defendant.

31. The calls were initiated for purposes of marketing Defendant's loans & commercial financing related products.

32. On July 29, 2025, Plaintiff received an automated call utilizing prerecorded artificial intelligence technology from Defendant's phone number (856) 799-7909. Specifically, the message was delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

33. Additionally, the messages utilized a prerecorded script that did not allow for conversation, but rather instructed Plaintiff to press a button to interact.

34. During the July 29, 2025 automated call, Plaintiff pressed "9" in order to ask that Defendant stop calling her.

35. Despite this, Plaintiff continued to receive unsolicited telemarketing calls from Defendant, included but not limited to the following:

    a. On July 30, 2025, from Defendant's phone number (909) 318-8662;

6

  b. On August 4, 2025, from Defendant's phone number (707) 241-2499;

  c. On August 6, 2025, from Defendant's phone number (909) 318-9944;

  d. On August 7, 2025, from Defendant's phone number (680) 600-4190;

  e. On August 11, 2025, from Defendant's phone number (573) 245-8959;

  f. On August 12, 2025, from Defendant's phone number (667) 800-9291; and

  g. On August 14, 2025 from Defendant's phone number (866) 599-3906.

36. Plaintiff is not alone in receiving spam calls from Defendant, as many other individuals have also received spam calls as evidenced by Defendant's online reviews.[1] The below are a just a few screenshots from that page:

Example #1:

> **Thomas J. Powell**
> 2 reviews
>
> ★ a week ago  NEW
>
> Horrible, horrible people, who have ignored all of my entreaties to cease calling me! I have been getting robo calls from this group daily for several months. Daily! I finally got to someone by playing along as wanting a loan, only to learn that this is "Better Rise Capital." I called and was told that no more calls would be made. Still, they continued. I will never recommend or use Better Rise Capital. In fact, I will actively recommend anyone who asks to stay away from you based solely on your incessant robo calls, which, at this point, I consider to be a form of harassment. Please, please, please, stop calling me.
>
> 👍 Like &lt; Share

---

[1] *See Better Rise Captial Google Maps Reviews*, GOOGLE MAPS, https://www.google.com/maps/place/Better+Rise+Capital/@33.6832485,-117.846589,16z/data=!4m8!3m7!1s0x80dcdf297fe2916b:0x214192de9896c532!8m2!3d33.6832441!4d-117.8440141!9m1!1b1!16s%2Fg%2F11xgfpntw6?entry=ttu&g_ep=EgoyMDI1MDgxMy4wIKXMDSoASAFQAw%3D%3D (last Visited August 22, 2025).

Example #2:



Example #3:



Example #4:



Example #5:



37.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## V.     CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of herself and the following Classes pursuant to Federal Rule of Civil Procedure 23.

9

39. Plaintiff proposes the following Classes definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class**: All persons within the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through trial.

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of the Defendant.

40. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

41. Excluded from the Class are counsel, Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43. This Class Action Complaint seeks injunctive relief and money damages.

44. The Class defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

45. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds.

46. The joinder of all Class members is impracticable due to the size and relatively modest value of each claim.

47. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

49. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

>    (a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
>    (b) whether the Defendant accessed and removed numbers from its calling list that were on the National Do Not Call registry;
>
>    (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
>    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

50. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class.

51. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

## **FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

52.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

54.     The Defendant's violations were negligent, willful, or knowing.

55.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

56.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

57.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

58.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

59. The Defendant's violations were negligent, willful, or knowing.

60. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

61. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry or pre-recorded messages, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

    C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

    D.    Such other relief as the Court deems just and proper.

## VI.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this September 2, 2025.

By: */s/ Leland McRae*
    Leland Garrett McRae
    State Bar No. 24086374
    1150 N. Loop 1604 W, Ste. 108-461
    San Antonio, Texas 78248
    (248) 420-4042
    (210) 493-6080 (fax)
    leland@lelandmcrae.com

*Attorneys for Plaintiff and the Proposed Class*