UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LESLIE A. KESTERSON**, on behalf of
herself and all others similarly situated,

                Plaintiff,

      v.

**BETTER RISE CAPITAL LLC,**

                Defendant.

Case No. 5:25-cv-01095-FB

Honorable Judge Fred Biery

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## <u>DEFENDANT'S MOTION TO STAY PROCEEDINGS</u>

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ................................................................................................... 1

II.    ARGUMENT ........................................................................................................ 2

    A.    Discovery Stay is Improper Because the Existence of Any Arbitration Agreement Is Disputed ................................................................................................................. 3

    B.    Plaintiff Would Be Prejudiced by a Discovery Stay ........................................... 4

III.    CONCLUSION .................................................................................................... 7

CERTIFICATE OF SERVICE ..................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                   **Page(s)**

*Abante Rooter & Plumbing, Inc. v. Birch Commc'ns, Inc.*
    2016 U.S. Dist. LEXIS 8526 (N.D. Ga. Jan. 7, 2016)..................................................... 5

*Bickford v. Boerne Indep. Sch. Dist.*,
    2016 U.S. Dist. LEXIS 47561 (W.D. Tex. Apr. 8, 2016) ........................................... 2

*Cooley v. First Data Merchant Services, LLC et al.*,
    2019 U.S. Dist. LEXIS 244101 (N.D. Ga. July 8, 2019) ........................................... 5

*Cooley v. Freedom Forever LLC et al.*,
    2019 U.S. Dist. LEXIS 228402 (D. Nev. July 19, 2019) ........................................... 5

*In re Terra Int'l, Inc.*,
    134 F.3d 302 (5th Cir. 1998) ..................................................................................... 2

*Lathrop v. Uber Techs., Inc.*,
    2016 WL 97511 (N.D. Cal. Jan. 8, 2016)................................................................... 5

*Levitt v. Fax.com*,
    2007 WL 3169078 (D. Md. May 25, 2007) .............................................................. 5

*Mey v. Interstate National Dealer Services, Inc., et al.*,
    2015 U.S. Dist. LEXIS 192613 (N.D. Ga. Aug. 19, 2014) ........................................ 5

*Pasco v. Protus IP Solutions, Inc.*,
    826 F. Supp. 2d 825 (D. Md. 2011)........................................................................... 5

*Saleh v. Crunch, Ltd. Liab. Co.*,
    2018 U.S. Dist. LEXIS 36764 (S.D. Fla. Feb. 28, 2018) ......................................... 5

*Sanaah v. Howell*,
    2009 U.S. Dist. LEXIS 35260 (D. Colo. Apr. 9, 2009) ........................................... 6

*Simon v. Ultimate Fitness Grp., LLC*,
    2019 U.S. Dist. LEXIS 147676 (S.D.N.Y. Aug. 19, 2019)........................................ 6


**<u>Rules</u>**

Fed. R. Civ. P. 26(c) .................................................................................................... 2
Fed. R. Civ. P. 26(f)................................................................................................ 1, 5, 6

## I.     INTRODUCTION

Defendant asks this Court to stay all discovery pending resolution of its motion to compel arbitration. Defendant's request should be denied because, minimally, the existence of an arbitration agreement is sharply disputed and discovery is necessary to resolve that issue. This case has proceeded in the ordinary course of federal litigation. Plaintiff filed her complaint on September 2, 2025. Defendant appeared and answered the complaint on October 15, 2025. The Court then directed the parties to proceed with scheduling and submit their Rule 26(f) report and proposed scheduling recommendations. The parties complied by submitting a joint Rule 26(f) discovery report and joint scheduling recommendations on November 17, 2025.

Only after the parties had engaged in the Court's scheduling process did Defendant file its motion to compel arbitration on December 3, 2025. Plaintiff filed her opposition on January 16, 2026, and Defendant filed its reply on January 23, 2026. Accordingly, the motion to compel arbitration has been fully briefed for almost two months.

Despite the parties' compliance with the Court's scheduling process, Defendant now asks the Court to halt discovery entirely. Defendant's request is particularly inappropriate because the main issue raised by its arbitration motion is whether Plaintiff ever entered into any agreement with Defendant at all. Plaintiff has submitted sworn testimony denying that she ever visited the website Defendant relies upon, entered her information, or agreed to any arbitration provision. Because the existence of any contract is disputed, discovery is necessary to resolve the formation issues raised by Defendant's motion.

Defendant's motion to stay discovery is particularly unwarranted in light of the arguments already presented in Plaintiff's opposition to Defendant's motion to compel arbitration. In that filing, Plaintiff demonstrated that Defendant cannot establish the existence of any arbitration

agreement because Plaintiff never visited the website on which Defendant relies, never entered her information into the alleged loan application, and never assented to any terms of use or arbitration provision. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Arbitration, ECF No. 21.

Plaintiff further established that the video evidence Defendant relies upon cannot be attributed to her and raises serious questions regarding authenticity and attribution. Plaintiff testified under penalty of perjury that she did not own or use the Android device depicted in the recording, did not access the email account shown in the video, and never visited the website at issue. *Id.* These facts directly undermine Defendant's ability to establish contract formation and demonstrate that Defendant's motion to compel arbitration presents substantial factual disputes that must be resolved before arbitration could ever be ordered.

Defendant therefore cannot show good cause for a discovery stay, and its motion should be denied.

## II.    ARGUMENT

A party seeking to stay discovery bears the burden of demonstrating good cause for the requested relief. Rule 26(c) authorizes a court to issue a protective order only upon a showing that discovery would cause a clearly defined and serious burden or expense. "Good cause exists when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression, or undue burden or expense' absent a stay." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 U.S. Dist. LEXIS 47561, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (quoting Fed. R. Civ. P. 26(c)). The movant seeking the stay bears the "burden to show the necessity" of the stay. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

**A.      A Discovery Stay Is Improper Because the Existence of Any Arbitration Agreement Is Disputed**

Defendant's request to halt discovery rests on the assumption that arbitration will ultimately be required. However, that assumption ignores the fundamental dispute presented in Defendant's motion to compel arbitration. Plaintiff has unequivocally denied entering into any agreement with Defendant. Plaintiff has submitted a sworn declaration explaining that she never visited the Lendvia website, never applied for a loan through that website, never entered her personal information into any such form, and never consented to any terms of use or arbitration provision.

Defendant's arbitration theory relies almost entirely on a screen-recorded video allegedly generated by a third-party vendor known as "Verified Consent." However, Defendant has not submitted testimony from that vendor explaining how the recording was generated or establishing that the recording depicts Plaintiff. Plaintiff's declaration directly contradicts Defendant's assertions and raises substantial factual questions regarding the authenticity and attribution of the recording. Because Plaintiff has unequivocally denied entering any arbitration agreement and has supported that denial with sworn evidence, the existence of any agreement is plainly in dispute. The discovery Plaintiff has served seeks information directly relevant to these formation issues, including the technical systems used to generate the alleged recording, the underlying data associated with the alleged transaction, and the identity verification methods used by Defendant and its vendors. Preventing discovery into these issues would improperly deprive Plaintiff of the ability to challenge Defendant's evidence.

As explained in Plaintiff's opposition to the motion to compel arbitration, Defendant's evidence fails to establish that Plaintiff herself ever interacted with the website on which Defendant relies. Defendant's theory depends entirely on a purported screen recording allegedly generated

by a third-party vendor called "Verified Consent." However, Defendant submitted no declaration from that vendor explaining how the recording was generated, how the system attributes activity to a particular individual, or whether the recording can reliably identify the person entering information into the website. *See* ECF No. 21.

Plaintiff's sworn declaration directly contradicts Defendant's assertions. Plaintiff testified that she never visited the website, never entered her information, never applied for a loan through Defendant, and never agreed to any arbitration provision. Plaintiff also testified that during the time period depicted in Defendant's video she was using a basic flip phone that could not have accessed the website in the manner Defendant describes. *Id.* These facts create a direct factual dispute regarding contract formation that must be resolved before arbitration could be compelled.

Defendant relies on cases suggesting that courts sometimes stay discovery when a motion to compel arbitration is pending. Those cases, however, typically involve situations in which the existence of an arbitration agreement was not meaningfully disputed. Here, by contrast, the threshold issue is whether any agreement between the parties exists at all. That distinction is critical. Defendant also argues that allowing discovery would undermine the efficiencies associated with arbitration. That argument presumes the existence of an arbitration agreement, which remains the central disputed issue in this case. Allowing discovery directed at contract formation will not impose any undue burden on Defendant. Instead, such discovery will allow the Court to evaluate the reliability of Defendant's evidence and determine whether an arbitration agreement was ever formed.

### B.    Plaintiff Would Be Prejudiced by a Discovery Stay

Granting Defendant's motion would significantly prejudice Plaintiff. The evidence Defendant relies upon to support arbitration is entirely within Defendant's control or within the control of its third-party vendor. Without discovery, Plaintiff cannot meaningfully test Defendant's

claims regarding the alleged online submission or the recording Defendant has produced. A stay related delay would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *E.g., Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *E.g., Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Plaintiff would also suffer additional prejudices unrelated to the calling

records if discovery is stayed. *See Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery. In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> …
>
> In the meantime, it is clear that critical evidence, including [*22] records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019). Furthermore, if Defendant's motion to compel arbitration is denied, staying discovery now would merely delay the progress of the case without providing any meaningful benefit to either the parties or the Court.

The procedural history of this case further weighs against a discovery stay. The Court directed the parties to proceed with the scheduling process and the parties submitted their Rule 26(f) discovery report and scheduling recommendations. Only after that process did Defendant file its motion to compel arbitration. The motion was fully briefed by January 23, 2026. Defendant now seeks to halt discovery months later despite the Court having already opened the case for

discovery through its scheduling procedures. In these circumstances, staying discovery would unnecessarily delay the litigation without advancing the efficient resolution of the case.

## III.    CONCLUSION

Because the existence of any arbitration agreement is disputed and discovery is necessary to resolve that issue, Defendant has not demonstrated good cause for a discovery stay. Plaintiff therefore respectfully requests that the Court deny Defendant's Motion to Stay Discovery and for Protective Order.

RESPECTFULLY SUBMITTED this 16th day of March, 2026.

*/s/ Cassandra P. Miller*
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
cmiller@straussborrelli.com

By: */s/ Anthony Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff Leslie A. Kesterson*
*and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Cassandra P. Miller, hereby certify that on March 16, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
cmiller@straussborrelli.com