# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LESLIE A. KESTERSON, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.: 5:25-cv-01095-FB |
| BETTER RISE CAPITAL LLC, | § § § | |
| Defendant | § § § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY (ECF 23)

**TO THE HONORABLE FRED BIERY, UNITED STATES DISTRICT JUDGE:**

Using unique personal identifiers, Plaintiff Leslie A. Kesterson ("Plaintiff") verified her electronic consent to arbitrate any claims against Defendant Better Rise Capital, LLC ("Better Rise"), including any dispute over arbitrability, and vested an arbitrator with exclusive authority over discovery relating to such claims. ECF 16-2. Despite that agreement, Plaintiff now refuses to arbitrate her claims and opposes even a brief stay of discovery for the Court to decide Better Rise's Motion to Compel Arbitration, arguing that her self-serving denials create a genuine dispute regarding formation requiring discovery *before* the Court has even ruled on the motion. ECF 25. That is wrong, as the Texas Supreme Court has held that a plaintiff's self-serving denial is not sufficient to raise a fact issue on formation where, as here, the party seeking to enforce an electronic arbitration agreement connects the opposing party to the agreement via its security protocols. *Aerotek, Inc. v. Boyd*, 624 S.W.3d 199, 208-09 (Tex. 2021); *see also* ECF 22 at pp. 3-

7. Even so, the absence or existence of a fact issue on formation is a threshold question that must be determined, in the first instance, through the Court's ruling on the pending arbitration motion. Until that ruling, and any appeal thereon, United States Supreme Court precedent makes clear that a stay of discovery is warranted while the issue of arbitration remains pending. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) ("*Coinbase*"). Plaintiff's opposition makes no showing, and cites no authority, to the contrary.

A.      **Plaintiff's Opposition Is Premised on the Wrong Legal Standard and Fails to Address Better Rise's Arguments and Authorities Supporting a Stay.**

Plaintiff's opposition boils down to one core premise: that her self-serving denials "create a direct factual dispute regarding contract formation that must be resolved before arbitration could be compelled." ECF 25, p. 3. However, Better Rise has amply satisfied its burden under state law of demonstrating effective security processes sufficient to attribute the electronic acceptance of the clickwrap agreement to Plaintiff. *See Aerotek, Inc.*, 624 S.W.3d at 208-09; TEX. BUS. & COMM. CODE § 322.009; *see also* ECF 1622, pp. 3-8; ECF 16-2. Regardless, Better Rise does not need to demonstrate a likelihood of success on its Motion to Compel Arbitration to be entitled to a stay. Indeed, as *Coinbase* illustrates, even a party that fails in its attempt to compel arbitration is still entitled to an automatic stay until that issue is finally resolved. *See Williams v. Experian Information Solutions, Inc.*, No. CV-23-01076-PHX-DWL, 2024 WL 739676, at *3 (D. Arizona Feb. 23, 2024) (citing *Coinbase*, 599 U.S. at 747). That is because the entitlement to a discovery stay does not turn on whether the motion to compel arbitration will ultimately be granted, but instead on whether subjecting the moving party to discovery in the interim will have deprived it of the benefits of arbitration—including less-intrusive discovery—in the event the arbitration motion is granted. *Id.*

2

In its Motion to Stay Discovery, Better Rise cited copious authority for the proposition that compelling a party to engage in discovery on a claim that may ultimately be arbitrated results in the irretrievable loss of the benefits of arbitration, such that a stay is justified. ECF 23 at pp. 3-5. Plaintiff's response fails to meaningfully address any of these cases or cite any contrary authorities of her own. Instead, Plaintiff summarily argues that "[a]llowing discovery directed at contract formation will not impose any undue burden on Defendant…Instead such discovery will allow the Court to evaluate the reliability of Defendant's Evidence." ECF 25, p. 4. That contention rings hollow for two reasons. First, Plaintiff did not serve limited discovery on the issue of formation, but broad ranging interrogatories and requests for production implicating the merits[1] of her claims and Better Rise's affirmative defenses. *See generally,* ECF 24. Second, Plaintiff waited to serve her discovery until more than a month after Better Rise's Motion to Compel Arbitration was fully briefed and ready for decision.

As such, Plaintiff's actions flatly belie any suggestion that the served discovery was necessary either to her response or the Court's decision on the motion itself. To the contrary, Plaintiff's discovery is simply an attempt to subject Better Rise to the burdens of litigation prior to a ruling on its Motion to Compel Arbitration. Consistent with the reasoning of the Supreme Court in *Coinbase* and the other cases cited in Better Rise's Motion to Stay, the Court should forestall that effort and stay discovery pending resolution of Better Rise's Motion to Compel Arbitration.

---

[1] Furthermore, as a practical matter, it is incumbent upon Better Rise to oppose merits discovery in this court, lest any response suggesting that it does not intend to enforce Plaintiff's agreement to arbitrate. *Jallo v. Resurgent Capital Services, LP,* 131 F. Supp. 3d 609, 614-15 (E.D. Tex. 2015) ("Defendants could have … requested a stay until the question of arbitration was settled" rather than "engag[ing] in numerous actions that demonstrated a disregard for the provision to arbitrate in favor of resolution through litigation."). Here, Plaintiff appears to fault Better Rise even for participating in the Court-ordered scheduling conference. That criticism is unfounded, however, as the Parties' scheduling recommendations to the Court expressly recognized that Better Rise was participating only subject to its right to arbitrate. ECF 15 at 1, n. 1.

**B.      Plaintiff's Response Fails to Show Prejudice from a Stay, Which Would Be Inherently Brief.**

Plaintiff's argument that she would be prejudiced by a stay in the limited time before the Court rules on the pending arbitration matter is also unpersuasive. Courts have recognized the limited impact of such an inherently short interruption. *See Ramirez v. Equifax Info. Servs.*, LLC, No. 4:24-cv-94-SDJ-KPJ, 2024 WL 3259669, at *1 (E.D. Tex. July 1, 2024) (*citing In re CenturyLink Sales Pracs. & Secs. Litig.*, MDL No. 17-2795, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018)). Plaintiff's cited cases provide no authority to the contrary.

As a threshold matter, none of the authorities invoked by Plaintiff address prejudice in the context of a motion to stay discovery pending the resolution of a motion to compel arbitration. For example, *Saleh v. Crunch, LLC*, No. 17-62416-civ, 2018 WL 11264884 at * 1 (S.D. Fla. 2018) and *Lathrop v. Uber Technologies, Inc.*, No. 14-cv-0567, 2016 WL 97511 at *1 (N.D. Cal. 2016) both addressed parties who sought a stay to await appellate rulings in a different case. In a similar vein, the court in *Simon v. Ultimate Fitness Group, LLC*, No. 19-cv-890, 2019 WL 4282204 at *7-9 (S.D.N.Y. Aug. 19, 2019) addressed a request for a stay until the Federal Communications Commission ("FCC") promulgated a new final rule or issued a declaratory ruling defining certain terms under the Telephone Consumer Protection Act ("TCPA"). In such contexts, the Supreme Court has held that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Thus, a stay to await other appellate proceedings or an FCC ruling stands in stark legal contrast to pending motions to compel arbitration, where "[c]ourts have demonstrated a proclivity to stay proceedings." *Williams v. Bankers Life & Cas. Co.*, No. 21-293, 2022 WL 187809, at *1 (M.D. La. Jan. 20, 2022) (citing *Patel v. Regions Bank*, No. 18-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018)); *see also Norman v. Travelers Ins. Co.*, No 19-

2351, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (granting stay of "all discovery-related and other pre-trial deadlines" pending ruling on motion to compel arbitration).

Similarly, neither *Levitt v. Fax.com*, No. 05-949, 2007 WL 316908 at *2 (D. Md. May 25, 2007) nor *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) addressed the circumstances at issue in this case or involved the loss of any necessary evidence due to a stay pending determination of arbitration. The *Levitt* court found that the plaintiff class must be decertified because it could not make the requisite showing of commonality, particularly in light of the fact that one of the defendant party's records were not available because it had gone out of business. *Levitt*, 2007 WL 316908 at *3-4. The *Pasco* court held, under different circumstances, that the defendant was entitled to summary judgment on the plaintiff's TCPA claims for certain unsolicited faxes because the defendant was a Canadian company and the plaintiffs had not followed the necessary procedure under state law to require the defendant to preserve the requisite transmission data. *Pasco*, 826 F. Supp.2d at 831-33. Neither case holds any weight in the case at bar, and Plaintiff has not otherwise shown any potential risk of prejudice that would result from the short stay of discovery sought by Better Rise.

Finally, Plaintiff cites a series of cases for the misplaced proposition that "courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See* ECF 25 at 5. These cases, which largely address the distinct question of whether to bifurcate class discovery, are wholly inapposite to the question of whether to stay discovery pending arbitration. The answer to that question is supplied in the affirmative by *Coinbase* and the cases that rely on it. Accordingly, the Court should grant Better Rise's Motion to Stay and enter an order staying discovery until such time as the Motion to Compel Arbitration is fully and finally resolved.

## PRAYER

For these reasons, as well as those set forth in Defendant's Motion to Compel Arbitration and Stay Proceedings and Defendant's Motion to Stay Discovery and for Protective Order, Defendant respectfully requests that the Court grant its Motion to Stay Discovery until the Court is able to consider the Motion to Compel Arbitration and, upon considering the same, grant the Motion to Compel Arbitration and stay this action while Plaintiff pursues her claims against Defendant in arbitration.

Dated: March 17, 2026.

Respectfully submitted,

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
Two Barton Skyway
1601 S. MoPac Expy., Suite C400
Austin, Texas 78746
(512) 472-8021: Telephone
(512) 320-5638: Facsimile

By:

Gunnar P. Seaquist
State Bar No: 24043358
gseaquist@bickerstaff.com
Sara Labashosky
State Bar No: 24129467
slabashosky@bickerstaff.com

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been filed and served via CM/ECF electronic filing and/or Certified Mail, Return Receipt Requested, on this 17th day of March, 2026 to all counsel of record.


_____
Gunnar P. Seaquist